## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN KEN LOGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-03873-TMP |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security[1], | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.    Introduction

The plaintiff, Brian Ken Loggins, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Mr. Loggins timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) (doc. 12).

Mr. Loggins was forty-seven years old at the time of the Administrative Law Judge's ("ALJ") decision.  (Tr. at 22).  He has the equivalent of a high-school

education, and his past work experience is as a painter, framer, and roofer in the construction industry.   (Tr. at 55, 56).   Mr. Loggins claims his disability began on September 30, 2007, due to back injuries and surgery.   (Tr. at 19, 122, 129).   He previously filed applications for a period of disability, DIB, and SSI on August 27, 2007, all of which were denied on March 7, 2008.   He protectively filed the instant application for a period of disability and DIB on March 3, 2009, and filed the instant application for SSI on April 20, 2009.   The instant applications were denied on June 10, 2009, and Mr. Loggins applied for a hearing before an ALJ, which was held on November 8, 2010.   (Tr. at 19).   The ALJ entered his decision on January 25, 2011. (Tr. at 32).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.   *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity."   20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).   If he or she is, the claimant is not disabled and the evaluation stops.   *Id*.   If he or she is not, the Commissioner next considers the effect of all of the claimant's physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a

claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id*. If they do not, a determination of the claimant's residual functional capacity will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). Residual functional capacity ("RFC") is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite his or her impairments. 20 C.F.R. § 404.945(a)(1).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the

claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.* The burden is on the Commissioner to demonstrate that other jobs exist which the claimant can perform; and, once that burden is met, the claimant must prove his or her inability to perform those jobs in order to be found disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

Applying the sequential evaluation process, the ALJ found that Mr. Loggins had not been disabled at any time through the date of his decision. (Tr. at 31). In reaching that finding, he first determined that Mr. Loggins has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 27). At the second step of the sequential analysis, the ALJ found that Plaintiff's chronic pain syndrome secondary to his back injury and subsequent laminectomy, bilateral osteoarthritis of the knee, chronic obstructive pulmonary disease, and moderate obesity are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, at the third step of the analysis, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) As such, the ALJ was required to determine Mr. Loggins's RFC. In doing so, the ALJ did not find Mr. Loggins's

allegations to be totally credible, and determined that he has the following RFC: sedentary exertional work in a temperature-controlled environment in which he will not more often than occasionally have to bend or stoop, and in which he will not have to climb, and in which he will not have to do any pushing or pulling with his left leg.  (Tr. at 29, 31).

According to the ALJ, Mr. Loggins is unable to perform any of his past relevant work, he is a "younger individual," and he has the equivalent of a high-school education, as those terms are defined by the regulations.  (Tr. at 31). He determined that Plaintiff has no transferable skills from any past relevant work. (*Id.*)  At the fifth stage of the analysis, the ALJ found that Mr. Loggins has the RFC to perform jobs that exist in significant numbers in the national economy.  (*Id.*) Even though Plaintiff cannot perform the full range of sedentary work, the ALJ used Medical-Vocation Rule 201.21 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as a cashier, assembler, or hand packer.  (Tr. at 29-30).  The ALJ found that Plaintiff "has not been disabled at any time through the date of this decision."  (Tr. at 31). His decision stated that "[i]nsofar as the claimant alleges that he became disabled prior to March 8, 2008, his request for hearing is dismissed under 20 CFR §§ 404.957(c)(1) and 416.1457(c)(1), and the determinations dated March 7, 2008,

remain in effect.   Based on his application filed on March 3, 2009, the claimant is 'not disabled' under Sections 216(I) and 223(d) of the Social Security Act.   Based on his application protectively filed on April 20, 2009, the claimant is 'not disabled' under Section 1614(a)(3)(A) of the Social Security Act."   (Tr. at 32).

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177,

1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The court must keep in mind that opinions such as whether a claimant is disabled, the nature and extent of a claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). Whether the plaintiff meets the listing and is qualified for Social Security disability benefits is a question reserved for the ALJ, and the court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Thus, even if the court were to

disagree with the ALJ about the significance of certain facts, the court has no power to reverse that finding as long as there is substantial evidence in the record supporting it.

III.   **Discussion**

Mr. Loggins argues that the ALJ's RFC assessment is incomplete because it does not include a function-by-function analysis, as is required under SSR96-9p. 1996 WL 374185 (July 2, 1996).   He also alleges that the ALJ erred in failing to develop the record by obtaining a Medical Source Opinion ("MSO").   (Doc. 10 at 6).   Specifically, Plaintiff argues that an MSO was necessary to determine to what extent his moderate obesity contributes to his overall symptomatology and RFC, and to determine the effect of Plaintiff's pain on his ability to perform sedentary work. (Doc. 10 at 9).

A.   **Did the ALJ Provide an Adequate Function-By-Function Analysis**

Social Security Ruling 96-9p defines an RFC assessment as "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to perform work-related activities."   SSR 96-9p, 1996 WL 374185 (July 2, 1996).   The functions of sedentary work are:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a). In his determination, the ALJ discussed Mr. Loggins's claims, history, daily activities, and medical records. He then discussed Mr. Loggins's impairments and subjective complaints and determined that the evidence in the record indicates that Mr. Loggins had an RFC that allowed him to perform sedentary work with certain limitations. (Tr. at 27-29). The ALJ then made a determination that, "[s]ince all of the claimant's past relevant work required at least medium levels of physical exertion, and his impairments now restrict him to sedentary work, the claimant's impairments prevent him from performing his past relevant work." (Tr. at 29). Only after establishing that Mr. Loggins could perform sedentary work in a temperature-controlled environment, so long as he did not have to climb, push or pull with his left leg, and only occasionally was required to bend or stoop, did the ALJ determine that other jobs exist in the national economy that Mr. Loggins can perform. (*Id.*)

The ALJ's written opinion takes into account the medical and non-medical evidence in the record prior to making his RFC determination. The purpose of the

"function-by-function analysis" requirement is to ensure that the ALJ determines, based on the entire record, that the claimant is able to perform the functions required in a particular classification of work.   An "analysis of the evidence and statement that [the claimant] could perform [sedentary] work indicate[s] how much work-related activity [the claimant can] perform" because SSR 96-9p defines the amount and type of work-related activity required for sedentary work.   Freeman v. Barnhart, 220 Fed. App'x 957, 960 (11th Cir. 2007).   In this jurisdiction, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal citations omitted).   A review of the ALJ's RFC determination indicates to the court that the ALJ did consider Mr. Loggins's medical condition as a whole in making his RFC determination and, therefore, fulfilled the requirement of a function-by-function analysis.   *Castel v. Commissioner of Social Security*, 355 Fed. Appx. 260, 263 (11th Cir. 2009).

## B.    Duty to Develop the Record

At the hearing level, the Commissioner has delegated to the ALJ the responsibility of determining a claimant's RFC based on the entirety of the evidence

presented, not just medical evidence.  *See, e.g.,* 20 C.F.R. § 404.1546(c).  The Eleventh Circuit has determined that a consultative examination must be ordered if one is needed to make an informed decision in regards to the claimant's disability. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (*citing Ford v. Secretary of Health and Human Servs.*, 659 F.2d 66, 69 (5th Cir. 1981) (Unit B)).   However, the ALJ's duty to develop the record is not triggered when the record contains sufficient evidence to make an informed decision.  *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Section 404.1519a(b)(4) of the Code of Federal Regulations states that an ALJ may request a consultative examination "to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis" if the record indicates "a change in [the claimant's] condition that is likely to affect [the claimant's] ability to work, but the current severity of [the claimant's] impairment is not established."  If the record is sufficiently developed for the ALJ to make a determination, it is not necessary for the ALJ to order an additional consultative examination.  *Good v. Astrue*, 240 Fed. Appx. 399, 403-404 (11th Cir. 2007).

Opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative

findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."   20 C.F.R. §§ 404.1527(e), 416.927(d); *see Langley v. Astrue*, 777 F. Supp. 2d 1250, 1253 (N. D. Ala. 2011).    In *Langley*, Judge Guin provides an in-depth discussion of prior Eleventh Circuit law and concludes that "the law of this Circuit does not require[] an RFC from a physician" for an ALJ to be able to make an RFC determination.   777 F. Supp. 2d at 1258.   He notes that "the Eleventh Circuit has implicitly refused to [require a medical RFC]." *Id.* (*citing Green v. Social Security Administration*, 223 Fed. Appx. 915, 923-924 (11th Cir. 2007)(holding that medical evidence from the claimant's physicians - even though that evidence did not contain a PCE or RFC assessment - was "sufficient to support the ALJ's finding that the claimant could perform light work.")).

In the instant case, a state-agent single-decision-maker disability specialist evaluated Mr. Loggins's physical RFC at the initial level.   (Tr. at 268-275).   The disability specialist's report takes into account Mr. Loggins's back injuries, surgery, bronchitis, knee surgeries, and diverticulitis, and found that his allegations were "partially credible."   (Tr. at 273).   The disability specialist's report indicates that Mr. Loggins could "frequently," stoop or climb, and that Mr. Loggins is not limited in his lower extremities.   (Tr. at 267-270).   The ALJ's RFC determination, however, provides that Mr. Loggins is able to do a much more limited range of work,

stating that he retains RFC to do sedentary work in which he can only occasionally have to bend or stoop, will not have to climb, and will not have to do any pushing or pulling with his left leg.  (Tr. at 29).   These marked differences in the disability specialist's initial RFC analysis and the ALJ's ultimate RFC finding indicate that the ALJ did not give undue deference to the initial finding.

Plaintiff argues that "[t]here was no meaningful medical input to the RFC at the initial level and the ALJ did not utilize the second option of obtaining an MSO from an ME.   Thus the ALJ was left with no medical opinion on which to rely by any physician of record, examining or reviewing, in the specific format required to address each area of functioning under SSR 96-8p." (Doc. 10 at 8).  The RFC determination, as discussed above, is not a medical opinion: It is a determination made by the ALJ upon consideration of all medical and nonmedical evidence.   It is a dispositive opinion reserved to the Commissioner and delegated to the ALJ, and the law in this circuit does not require additional medical opinions if the record is sufficiently developed for the ALJ to render an opinion.

In the instant case, the ALJ had before him: medical records from the University of Alabama-Birmingham from August 2007 to November 2007; medical records from Cooper Green Mercy Hospital from January 2002 to February 2009, August 2009 to November 2009, May 2010 to September 3, 2010, and

September 20, 2010, to September 28, 2010; a Consultative Examination dated May 29, 2009; and the initial Physical RFC Assessment, dated June 9, 2009.   (Doc. 6-8 at 1).   The ALJ evaluated these records along with Mr. Loggins's testimony at the hearing, and determined that, "to the extent that the claimant alleged that he is more severely impaired than stated in the [RFC], the medical evidence does not support his allegations." (Tr. at 29, 31).   Because the ALJ had before him a complete record with sufficient medical and non-medical evidence, he was under no obligation to seek a further medical opinion, and this court finds that the ALJ's determination was supported by sufficient evidence.

### i.   Obesity

Plaintiff contends that the ALJ's determination concerning Plaintiff's obesity is inadequate.   He argues that "[m]erely limiting [Mr. Loggins] to sedentary work in a temperature controlled environment does not accommodate the effect of obesity on [his] stamina and ability to sustain work on a regular and continuing basis pursuant to 20 C.F.R. 405.1545." (Doc. 10 at 9).   At the time of the hearing, Mr. Loggins testified that he weighed 247 pounds, and had weighed between 240 and 247 pounds for close to twenty years.   (Tr. at 55).   He did not testify that his weight had a specific impact on his abilities.

Other than a note by Dr. James Richardson that Mr. Loggins is "moderately obese" (Tr. at 265), Plaintiff's medical records do not indicate any particular concern - or any concern at all - on the part of Plaintiff's doctors about his weight.   Mr. Loggins's medical records do not indicate that his doctors believed his weight was affecting his condition in any meaningful way.   Despite the medical records' lack of indication that Mr. Loggins's obesity affects his condition, the ALJ categorized his moderate obesity as "severe," and analyzed it in his findings.   The ALJ stated:

> In accordance with SSR 02-1p, I have evaluated the claimant's moderate obesity, accompanying impairments and the effect his obesity has on his ability to perform routine movements and necessary physical activity within the work environment.   Although the claimant does not maintain an inability to work because of obesity and no examining or treating practitioner has suggested his moderate obesity is disabling, or even that he should lose weight, it is reasonable to believe that his moderate obesity likely contributes to his overall symptomahology [sic], however, not to the extent it creates disabling pain or restrictions, considered separately or in conjunction with his other impairments.

(Tr. at 28-29).   As noted above, the ALJ had before him a complete record consisting of medical and non-medical evidence.   The complete record allowed the ALJ to make an RFC determination without additional medical input.   The ALJ's determination takes into account the record provided, and this court finds that the ALJ's determination regarding the effect of Mr. Loggins's obesity on his other conditions is supported by sufficient evidence.

### ii.    Pain

Plaintiff asserts that the ALJ's evaluation of his subjective complaints of pain was improper. Specifically, Mr. Loggins alleges that "[m]erely limiting Plaintiff to sedentary work do[es] not take into account the effect of pain whether seated or moving." (Doc. 10 at 9).   Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).   To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* SSR 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's

statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (internal quotations omitted).

In this case, the ALJ found that Mr. Loggins met the first prong of the Eleventh Circuit's pain standard, but he did not believe that the evidence supports a conclusion that the objectively determined medical conditions are of such severity that they result in the disabling pain and other limitations alleged by Plaintiff. (Tr. at 27).  The ALJ noted that Mr. Loggins did undergo a laminectomy in 2007, with X-rays two months after surgery showing "stable, postoperative changes."  (Tr. at 28).  He also noted that, when Mr. Loggins was examined in 2009, his straight leg raising was positive at around 60 degrees, but he had no muscle spasms, tenderness, effusions, or deformities.  (*Id*.)  Mr. Loggins's treating physician, Dr. Heckmeyer, reported that his pain was being adequately controlled by medication.  (*Id*.) Although Mr. Loggins testified at his hearing that he uses a cane 80 to 90% of the

time, Dr. Heckmeyer reported that Mr. Loggins no longer needed a cane for ambulation.   (*Id.*)   Further, Mr. Loggins's pulses were "excellent," and no abnormal vascular sounds were heard.   (*Id.*)   His sensory and deep tendon reflexes also were normal.   (*Id.*)   Mr. Loggins did have some bilateral knee crepitus (a "crunching" sensation as the knee bends), but his motor strength, bulk, and tone were equal bilaterally at 5/5.   (*Id.*)

According to Dr. Richardson, who performed the consultatitive examination, his knee problems did not prevent him from walking into and out of the doctor's office with a normal gait and no assistive device.   (*Id.*)   Mr. Loggins's knee also did not prevent him from getting into and out of a chair in Dr. Richardson's office without difficulty.   (*Id.*)   Dr. Richardson considered normal Mr. Loggins's coordination, station, and gait.   (*Id.*)   Dr. Richardson described the claimant's impairments as only "moderately limiting," and no doctor who has treated or examined Mr. Loggins has restricted him from performing sedentary work.   (Tr. at 29).   The ALJ determined, based on Mr. Loggins's subjective testimony and the medical and non-medical evidence presented, that Mr. Loggins's pain "is reasonably expected to impose no greater than mild to moderate functional limitations upon his ability to engage in basic work activities described in 404.1521(b) and 416.921(b)." (*Id.*)

It appears to the Court that the ALJ specifically addressed Plaintiff's allegations of pain in his opinion, and he provided explicit and reasonable reasons for rejecting his testimony.   The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's condition did not cause disabling limitations and instead shows that he could perform a reduced range of sedentary work. (Tr. at 28-29).

## IV.     Conclusion

Upon review of the administrative record, and considering all of Mr. Loggins's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

DONE this 21st day of March, 2014.


T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE